IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DANIEL LATHROP,<br><br>Defendant. | 4:25-cr-40070-KES<br><br>PETITION TO PLEAD GUILTY AND STATEMENT OF FACTUAL BASIS |

Comes now James Daniel Lathrop, being represented by counsel, Hannah Moravec, Assistant Federal Public Defender, and petitions this Honorable Court for the purpose of entering his plea of guilty to the Indictment herein, dated April 17, 2025, charging him with Possession of Firearm by a Prohibited Person. Defendant further informs the Court as follows:

CONSTITUTIONAL RIGHTS

1. That he understands the constitutional rights and certain protections listed immediately below and that, by pleading guilty, he will be giving up those rights and protections:

(a) The right to a speedy, public trial;

(b) The right to have a jury of twelve people decide whether or not he is guilty;

(c) The right to have a lawyer represent him at trial;

(d) The presumption of his innocence which would protect him until such time, if ever at trial, the government proved his guilt beyond a reasonable doubt;

(e) At trial, a jury verdict of guilty would have to be unanimous;

(f) At trial, he would have the right against self-incrimination, that is, he could not be forced to testify; if he chose not to testify, the government could not comment to the jury

on his failure to testify; and, if he so desired, the judge would instruct the jury that it cannot infer guilt from his failure to testify;

(g) At trial, the government would have to confront him with the witnesses upon whose testimony it relied to try to obtain conviction;

(h) The right to cross-examine witnesses against him through his lawyer; and,

(i) The right to present witnesses at trial to testify on his behalf, including the right to subpoena witnesses at government expense to force them to appear, if necessary, as witnesses at this trial.

## CONSEQUENCES OF PLEADING GUILTY AND PROCEDURE

2. That he understands, further, the following additional consequences of pleading guilty:

(a) When he pleads guilty, there then will not be a trial of any kind. By pleading guilty, he gives up his right to trial. By pleading guilty, it is the same as if he had been tried and found guilty by a jury.

(b) Before the Court can accept his plea of guilty, the Court must be satisfied that he, in fact, is guilty.

(c) Before the Court can accept his plea of guilty, the Court must be satisfied that he voluntarily is pleading guilty, and that he has not been threatened or promised anything to get him to plead guilty.

(d) If there are agreements between the government and him, the Court is not bound to accept any such agreements as to sentencing. In other words, if there are such agreements, including recommendations as to sentencing, the Court can either accept or reject any such agreements.

(e) After he pleads guilty, the Court will set a date for him to be sentenced. Between the date of his guilty plea and the date of his sentencing, the probation office will prepare a presentence investigation report. The report will contain information about his life and characteristics. At the time of his sentencing, the Court will use the report as part of its decision on an appropriate sentence. He also will have the right to subpoena witnesses and to present evidence at his sentencing hearing.

(f) The Court's sentence usually will be based on the Federal Sentencing Guidelines. His lawyer and he have discussed the Sentencing Guidelines and how they apply to his case. His lawyer has given him a preliminary estimate of the Guideline range expected to apply to his case. His lawyer and he also have discussed the maximum and minimum sentences that apply to his case. He acknowledges that his lawyer's predictions are not binding on the Court and that the Court can give him any sentence up to the maximum sentence provided in the statute. He also understands that under certain circumstances the Court can depart from and give him a sentence outside of the range provided by the Federal Sentencing Guidelines.

(g) At the time of sentencing, his lawyer will make a statement on his behalf. He also has the right to make a statement of his own to the Court before the Court imposes sentence upon him.

3. That he understands that the Court may require him to make appropriate restitution to any victim of the offense, pursuant to the provisions of sections 3556, 3663, and 3663A of Title 18 of the United States Code.

4. That he understands that, upon his plea of guilty, the Court will require him to pay, on each count to which he pleads guilty, a special assessment of $100, pursuant to section 3013 of Title 18 of the United States Code.

5. That he understands that, if he is sentenced to a term of imprisonment, the Court may also sentence him to a term of supervised release following his release from prison.

6. That he understands that, during any period of supervised release, his activities will be limited by conditions set by the Court and that violation of any of those conditions may result in the Court's revocation of the term of supervised release and requirement of him to serve in prison all or part of the term of supervised release without credit for the time previously served on supervised release.

7. That he understands that the conditions of supervised release may include any of the matters set forth in section 3583 of Title 18 of the United States Code, including, but not limited to: no use or possession of alcohol or controlled substances; reasonable searches of his residence, automobile, and person for drugs and alcohol; seizure of any illegal drugs or alcohol in his possession; performance of community service; and, being restricted to home confinement. That he understands that the Court also may impose special conditions of supervised release.

8. That he understands that, if he commits any crime while on supervised release, the sentence given to him for that crime may be increased because he committed it while he was on supervised release.

9. That he understands that probation is not available to the Court as an option for sentencing for most offenses under the Sentencing Guidelines.

## MAXIMUM PENALTY

10. That he understands that the charge carries a maximum term of imprisonment of 15 years' imprisonment, a fine not to exceed $250,000, or both, and a period of supervised release of up to three years. If he is found by a preponderance of the evidence to have violated a condition of supervised release, he may be incarcerated for an additional term up to up to two years on any such revocation and placed on additional supervised release for an additional period. There is a $100 special assessment to the victims' assistance fund.

## VOLUNTARINESS OF PLEA

11. That his plea of guilty to be entered herein is voluntary, as further based on the following:

    (a) That his plea of guilty is made voluntarily and completely of his own choice, free from any force or threats from anyone.

    (b) That no plea agreement has been made by him with anyone which causes him to plead guilty.

    (c) That no officer, attorney or agent of any branch of the government (federal, state, or local) has promised, suggested or predicted that he will receive a lighter sentence, or probation, or any form of leniency if he pleads guilty.

    (d) That the Judge has not made any suggestion to him as to what the actual sentence will be.

    (e) That he is not under the influence of any kind of alcohol, medicine or drug that is, in the least way, interfering with his ability to think clearly and understand exactly what he is doing in confirming his understandings in this Petition to Plead Guilty and Statement of Factual Basis.

    (f) That he is not pleading guilty for any reason other than the fact that he is guilty.

12. That he confirms that his attorney has gone over all the foregoing matters with him; that he understands all of the foregoing matters; and, that he wishes to plead guilty.

### STATEMENT OF FACTUAL BASIS

The undersigned, James Daniel Lathrop, states the facts as follows: On or about December 9, 2024, in Sioux Falls, South Dakota, I knowingly possessed a firearm, to wit, a Heritage Manufacturing, model Barkeep, .22 Long Rifle caliber, single-action revolver, bearing serial number 1BH3967859, and 29 rounds of Remington brand .22 Long Rifle caliber ammunition. On that date, I was a user of a controlled substance, to wit, methamphetamine, and knew I was an unlawful user of that controlled substance. I also had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, a forgery conviction from Minnehaha County, South Dakota, on February 13, 2024. I knew that I had been convicted of a crime punishable by imprisonment for a term exceeding one year. The firearm *and ammunition* had been shipped and transported in interstate or foreign commerce at some point before my possession of it.

Signed in the presence of my attorney under penalty of perjury this 26th day of June 2025.

_____
James Daniel Lathrop